**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**THE GRAY INSURANCE
COMPANY,**

**Plaintiff,**

**v.**                                                   **Case No: 6:25-cv-1599-PGB-RMN**

**JOSEPH R. CASSIDY and
MELISSA S. CASSIDY,**

**Defendants.**
_____/

**<u>ORDER</u>**

This cause is before the Court upon Plaintiff The Gray Insurance Company's ("**Plaintiff**") Response to Order to Show Cause (Doc. 41 (the "**Subject Response**")).

In the operative Amended Complaint for Indemnity (Doc. 7 (the "**Amended Complaint**")), Plaintiff The Gray Insurance Company ("**Plaintiff**") sues Defendants Joseph R. Cassidy ("**J. Cassidy**") and Melissa S. Cassidy ("**M. Cassidy**") (collectively, the "**Defendants**") for their alleged breach of an indemnity agreement (the "**Agreement**") between the parties. (*See generally id.*). Therein, Plaintiff avers that Defendants are jointly and severally liable for their breach of the Agreement. (*Id.* ¶ 14). Of relevance, Plaintiff has obtained Clerk's entries of default against each of the Defendants based upon their failure to appear and defend against the claims brought in the Amended Complaint. (Docs. 13, 35).

Accordingly, on March 10, 2026, Plaintiff filed a Motion for Entry of Final Judgment after Default against Defendants (Doc. 36 (the "**Motion for Default Judgment**")), which remains pending before the Court. (*Id.*).

Then, on May 8, 2026, M. Cassidy appeared in the case through counsel and advised the Court she had filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. (Doc. 37). As a result, the Court found that Plaintiff's claims against M. Cassidy were automatically stayed pursuant to 11 U.S.C. § 362(a). However, the Court ordered Plaintiff and M. Cassidy—as the only parties who have thus far appeared in this action—to show cause as to whether the automatic stay applies to Plaintiff's claims against J. Cassidy. (*See* Doc. 38 (the "**First Show Cause Order**")). Only Plaintiff responded to the First Show Cause Order. (Doc. 39). Plaintiff argued that the automatic stay does not extend to Plaintiff's claims against J. Cassidy. (*Id.*).

The Court subsequently issued a follow up order requiring Plaintiff and Defendant M. Cassidy to show cause as to whether the Court could rule on the pending Motion for Default Judgment as it pertains to the non-debtor Defendant, J. Cassidy, *only*, without violating the automatic stay. (Doc. 40 (the "**Second Show Cause Order**"), pp. 3–4). The Court further cautioned that it would "deem a party's failure to timely respond to the instant Order as an indication that it takes no position on the issue posed herein." (*Id.* at p. 4). Plaintiff timely responded to the Second Show Cause Order by filing the Subject Response, wherein it argues it should be permitted to seek the full extent of its alleged damages against J. Cassidy.

2

(*See generally* Doc. 41). Defendant M. Cassidy failed to respond to the Second Show Cause Order, and the time to do so has long since passed.

As this Court has previously noted, bankruptcy stays generally do not apply to third parties, including co-defendants in the suit, but instead apply to the debtor and its property. (Doc. 38, p. 2 n.1 (citing *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). "However, on occasion, federal courts have applied the automatic stay protection to non-debtor third parties based on 'unusual circumstances.'" *In re Sunbeam Secs. Litig.*, 261 B.R. 534, 536 (Bankr. S.D. Fla. 2001). Such circumstances arise "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

Under the circumstances, the Court does not find the record sufficient to demonstrate such unusual circumstances exist here. *See id.* To begin, the Court notes that, despite being given two separate opportunities to weigh in on the matter, M. Cassidy—the debtor—has "taken no position with respect to the issue." *In re Sunbeam*, 261 B.R. at 537 (citing the debtor's failure to take a position on whether an extension of the automatic stay to debtor's co-defendants was warranted in support of the court's finding that no "unusual circumstances" justified such an extension). Considering that the purpose behind imposing a bankruptcy stay is to protect the debtor's interests, M. Cassidy's silence on this

issue speaks volumes. *E.g.*, *Brent v. Source Interlink Distrib.*, No. 2:14-cv-52-FtM-38DNF, 2014 WL 4162770, at *1 (M.D. Fla. Aug. 21, 2014) (explaining that the purpose of an automatic bankruptcy stay is to "give the debtor 'a breathing spell from his creditors'" (citation omitted)).

Additionally, as Plaintiff notes in the Subject Response, "where a non-debtor co-defendant is allegedly liable upon its own breach of duty, then the automatic stay protection afforded to a debtor is not extended to a non-debtor co-defendant." (Doc. 41, p. 4 (quoting *Brent*, 2014 WL 4162770, at *1)). Under the Agreement, each Defendant agreed to be jointly and severally liable to Plaintiff for a breach of the Agreement. (Doc. 7-1, p. 2). Plaintiff has alleged a breach of the Agreement. (*See generally* Doc. 7). Thus, Plaintiff may seek to enforce the full contractual obligation against either Defendant. (*See* Doc. 7-1, p. 2). In other words, the Court may adjudicate the Motion for Default Judgment as it pertains to J. Cassidy because doing so enforces J. Cassidy's own contractual obligations under the Agreement rather than those of the debtor.[1] Therefore, the Court will not stay Plaintiff's claims as they pertain to J. Cassidy as a result of M. Cassidy's bankruptcy filing.

---

[1] Although enforcement of the Agreement against the non-debtor Defendant, J. Cassidy, may have *indirect* consequences for M. Cassidy's bankruptcy estate—for example, if J. Cassidy later asserts whatever rights may exist under applicable law—the Court is not persuaded that such contingent consequences establish the type of identity of interests or immediate effect on the estate necessary to extend the automatic stay to a non-debtor. *See, e.g.*, *A.H. Robins Co.*, 788 F.2d at 999. This is especially so considering that M. Cassidy has taken no position on the issues raised herein.

Further, it is **ORDERED AND ADJUDGED** that the Court's First Show Cause Order (Doc. 38) and Second Show Cause Order (Doc. 40) are hereby **DISCHARGED** as to Plaintiff only.

**DONE AND ORDERED** in Orlando, Florida on June 30, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

5